| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| Southern District of New York (State) |
| Case number (*if known*): _____ Chapter 11 |

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**    GZ USA, Inc.

2. **All other names debtor used in the last 8 years**    Giuseppe Zanotti

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**    8 5 - 0 6 4 4 6 2 6

4. **Debtor's address**

   **Principal place of business**

   126 East 56th Street
   Number    Street

   5th Floor

   New York    NY    10022
   City    State    ZIP Code

   New York
   County

   **Mailing address, if different from principal place of business**

   Number    Street

   P.O. Box

   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number    Street

   City    State    ZIP Code

5. **Debtor's website** (URL)    https://www.giuseppezanotti.com/us/

Debtor  GZ USA, Inc. _____    Case number (if known) _____
           Name

---

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

*A. Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

*B. Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

*C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See* http://www.uscourts.gov/four-digit-national-association-naics-codes .

4   4   8   2

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

| Debtor | GZ USA, INC. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| | | | MM / DD / YYYY | | |
| District | _____ | When | _____ | Case number | _____ |
| | | | MM / DD / YYYY | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes.

| Debtor | _____ | Relationship | _____ |
|---|---|---|---|
| District | _____ | When | _____ |
| | | | MM / DD / YYYY |
| Case number, if known | _____ | | |

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| _____ | _____ |
|---|---|
| Number | Street |
| _____ | _____ _____ _____ |
| City | State    ZIP Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

---

| Debtor | GZ USA, INC. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 06/07/2024
MM / DD / YYYY

✗ *alain baume*                               Alain Baume
Signature of authorized representative of debtor        Printed name

Title President

---

| Debtor | GZ USA, Inc. | Case number *(if known)* | |
|--------|--------------|--------------------------|--|
| | Name | | |

**18. Signature of attorney**

✖ /s/ William M. Hawkins

Signature of attorney for debtor

Date 06/07/2024

MM / DD / YYYY

William M. Hawkins
Printed name

Loeb & Loeb LLP
Firm name

345 Park Ave
Number          Street

New York                              NY          10154
City                                   State        ZIP Code

212-407-4000                          whawkins@loeb.com
Contact phone                         Email address

2417012                               NY
Bar number                            State

**ACTION BY UNANIMOUS WRITTEN CONSENT**
**OF THE BOARD OF DIRECTORS**
**OF GZ USA, INC.**

The undersigned, being all of the members of the Board of Directors (the "Board" and each member, a "Director") of GZ USA, Inc., a Delaware corporation (the "Corporation"), by execution of this written consent, do hereby take the following actions and adopt the following resolutions (these "Resolutions") authorized thereby, as of May 24, 2024:

**WHEREAS**, each Director consents to the adoption of these Resolutions by written consent and to the taking of any and all actions by the Corporation's President Alain Baume (together, the "Authorized Representative"), the Corporation, and the Corporation's employees and representatives necessary or appropriate to give effect to such Resolutions, in each case subject to the terms hereof, and directs that his consent be placed in the minutes and records of the Corporation;

**WHEREAS**, by resolution dated as of May 10, 2024, the Board resolved to adopt the Amended and Restated Bylaws (the "Amended Bylaws") and to appoint George Napier to the Corporation's board of directors as an independent director (the "Independent Director");

**WHEREAS**, pursuant to the Amended Bylaws, the Board resolved that the Independent Director would be vested with the sole authority to evaluate and approve all (i) restructuring transactions involving the Corporation; (ii) all transactions involving the Corporation, on the one hand, and its parent Giuseppe Zanotti SpA ("SpA"), affiliates of SpA, and/or Insiders (as defined in the United States Bankruptcy Code), on the other hand; and (iii) any transaction involving a conflict of interest with respect to SpA, affiliates of SpA or Insiders;

**WHEREAS**, the Board, including the Independent Director, has determined that it is desirable and in the best interests of the Corporation and its creditors, employees and other parties in interest, that the Corporation file or cause to be filed a voluntary petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and thereby commence a chapter 11 case (the "Chapter 11 Case");

**WHEREAS**, in furtherance of the foregoing, the Board, including the Independent Director, approves the following Resolutions.

**NOW THEREFORE, BE IT HEREBY:**

**Authorized Representative**

**RESOLVED**, that, notwithstanding anything to the contrary herein, except as expressly authorized herein, no action taken by the Authorized Representative in furtherance of these Resolutions shall be effective absent the written approval of the Independent Director to such action ("Independent Director Approval"), which Independent Director Approval may be evidenced by signature on any document executed by the Authorized Representative memorializing such action or by other written consent, including through electronic mail;

**Chapter 11 Filing**

**RESOLVED**, that, with respect to the Corporation, the Board, including the Independent Director, after consultation with the Corporation's management, and the legal advisors of the Corporation, has determined that it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest that a voluntary petition be filed by the Corporation in the Bankruptcy Court seeking relief under the provision of chapter 11 of the Bankruptcy Code;

**RESOLVED**, that the Authorized Representative be, and hereby is, authorized, empowered, and directed, to negotiate, execute, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Corporation, and under its corporate seal or otherwise, a chapter 11 petition, and subject to Independent Director Approval, all schedules of assets and liabilities, statements, including statements of financial affairs, motions, lists, applications, pleadings, papers, affidavits, and declarations necessary to give effect to and prosecute a chapter 11 filing (collectively, the "Chapter 11 Filings"); and

**RESOLVED**, that the Authorized Representative be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Corporation, subject to Independent Director Approval, to take and perform any and all further acts and deeds that the Authorized Representative, in consultation with the Corporation's legal advisors, deem necessary, appropriate, or desirable in connection with the Chapter 11 Case or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes that are necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, such Chapter 11 Case with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that the Authorized Representative and Independent Director deemed the same to meet such standard.

**Retention of Advisors**

**RESOLVED**, that the retention of law firm of Loeb & Loeb LLP as bankruptcy counsel for the Corporation in its Chapter 11 Case is hereby approved, subject to Bankruptcy Court approval; and

**RESOLVED**, that, subject to Independent Director Approval, the Authorized Representative be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Corporation, to negotiate, execute, deliver, file and perform any agreement, document or certificate and to take and perform any and all further acts and deeds (including, without limitation, (i) the payment of any consideration and (ii) the payment of fees, expenses and taxes) that the Authorized Representatives deem necessary, proper, or desirable in connection with the Corporation's Chapter 11 Case, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by these resolutions, with a view to the successful prosecution of the Chapter 11 Case.

2

**Ratification**

**RESOLVED**, that the Board, including the Independent Director, hereby ratifies, confirms and approves in all respects any and all past actions heretofore taken by the Authorized Representative or any Director of the Corporation in the name and on behalf of the Corporation in furtherance of any or all of the preceding resolutions.

**General Authorization**

**RESOLVED**, that, subject to Independent Director Approval, with respect to the Corporation, the Authorized Representatives be and hereby is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Corporation, to take, cause to be taken, or perform any and all further acts or deeds, including, without limitation, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes, and other expenses as the Authorized Representative, subject to Independent Director Approval, may approve or deem necessary, appropriate, or desirable to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that the Authorized Representative and Independent Director deemed the same to meet such standard;

**RESOLVED**, that the Secretary of the Corporation is hereby authorized and empowered to certify that these resolutions have been duly adopted to such person or persons as the Secretary deems entitled thereto, and to attest or witness the execution of the documents authorized by the foregoing resolutions, and to sign and affix the Corporation's seal to such documents as may be necessary or appropriate.

The undersigned further certify that the foregoing resolutions are in full force and effect on the date hereof as resolutions duly adopted by the Board of Directors and have been in full force and effect at all times subsequent to their adoption, not having been amended, repealed or modified.

This Action by Unanimous Written Consent (this "Written Consent") may be executed in counterparts, each of which shall be an original instrument but all of which taken together shall constitute one consent. A party may deliver executed signature pages to this Written Consent by facsimile or other electronic transmission, which facsimile or other electronic copy shall be deemed to be an original executed signature page.

*[Remainder of page intentionally blank.]*

**IN WITNESS WHEREOF**, the undersigned, being the members of the Board of Directors of the Corporation, do hereby execute this consent as of the date first set forth above.

_____
George Napier

_____
Alain Baume

[Signature page to Written Consent dated as of May 24, 2024]

**Fill in this information to identify the case:**

Debtor name  GZ USA, Inc.

United States Bankruptcy Court for the:  Southern _____ District of  NY _____
(State)

Case number (If known):  _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders          12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Rodney Corporation 555 Madison Avenue, Fl 23 New York, NY 10022 | | Lease | Contingent Disputed | | | 4,000,000 .00 |
| 2 | Stark & Stark PO Box 5315 Princeton, NJ 08543 | | Professinal Services | | | | 46,585.28 |
| 3 | RAKUTEN MARKETING LLC P.O. BOX 415613 Boston, MA 02241 | | Trade | | | | 14,351.18 |
| 4 | Emazzanti 701 Grand St. Ground FL Hoboken, NJ 07030 | | Trade | | | | 13,412.90 |
| 5 | Shop Po 20 Channel Center Boston, MA 02110 | | Trade | | | | 8,217.07 |
| 6 | Success Express Inc. 550 8th Avenue, Mezzanine New York, NY 10018 | | Trade | | | | 7,802.79 |
| 7 | ADEPTUS PARTNERS, LLC 733 Route 35 North, Suite A Ocean, NJ 07712 | | Professional Servcies | | | | 2,314.09 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 8 | D'Orsay<br>55 Avenue Montaigne<br>Paris, France 75008 | | trade | | | 1,728.00 |
| 9 | OPENTEXT.COM<br>29144 Network Place<br>Chicago, IL 60673 | | trade | | | 984.23 |
| 10 | Venistar<br>Via Gaetano De Castillia<br>23-20124 Milano, Italy | | trade | | | 714.00 |
| 11 | eZCom Software Inc<br>Attn: Billing Dept<br>25 Rockwood Place<br>Suite 420<br>Englewood, NJ 07631 | Terry Reynolds | trade | | | 600.85 |
| 12 | ESCC<br>36 E 31st St.<br>New York, NY 10016 | Service@escc.com | trade | | | 571.59 |
| 13 | CYBERSOURCE, LTD.<br>41-45 Queens Rd<br>Reading, United Kingdom<br>RG1 4BQ | Kennet Wharf<br>billing-cybs@visa.com | trade | | | 560.00 |
| 14 | Staples Advantage<br>PO Box 70242<br>Philadelphia, PA 19176 | | trade | | | 494.31 |
| 15 | SPS Commerce<br>PO Box 205782<br>Dallas, TX 75320 | | trade | | | 372.00 |
| 16 | PERRIWATER LTD<br>960 First Avenue<br>New York, NY 10022 | | trade | | | 337.51 |
| 17 | Blink Voice<br>70 Charles Lindbergh BLVD<br>Uniondale, NY 11553 | | utility | | | 150.00 |
| 18 | Orchard Mile<br>33 Irving Place, 3rd Floor<br>New York, NY 10003 | | trade | | | 146.47 |
| 19 | ADP<br>PO Box 830272<br>Philadelphia, PA 19182-0272 | | trade | | | 62.75 |
| 20 | | | | | | |

| Fill in this information to identify the case and this filing: |
| --- |

Debtor Name   **GZ USA, Inc.**

United States Bankruptcy Court for the: **Southern**   District of **New York**
                                                                    (State)

Case number *(If known):* _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

███  **Declaration and signature**

---

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration   _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **06/07/2024**          **✗**  *alain baume*
                      MM / DD / YYYY                              Signature of individual signing on behalf of debtor

                                                    **Alain Baume**
                                                    Printed name

                                                    **President**
                                                    Position or relationship to debtor

AARP MEDICARE
UNITED HEALTHCARE
185 ASYLUM ST.
HARTFORD, CT 06103

ADEPTUS PARTNERS, LLC
733 ROUTE 35 NORTH
SUITE A
OCEAN, NJ 07712

ADP
PO BOX 830272
PHILADELPHIA PA 19182-0272

AMERICAN EXPRESS
PO BOX 1270
NEWARK, NJ 07101-1210

AMERICAN EXPRESS MERCHANT – WHOLESALE
PO BOX 981535
EL PASCO, TX 79998

BLINK VOICE
70 CHARLES LINDBERGH BLVD.
UNIONDALE, NY 11553
CHUBB
PO BOX 382001
PITTSBURGH, PA 15250-8001

CITIBANK
ATTN: PRISCILLA INCORVAIA
P.O. BOX 6201
SIOUX FALLS, SD 57117-6201

CMS MEDICARE INSURANCE
PO BOX 790355
ST. LOUIS, MO 63179-0355

COGENCY GLOBAL
PO BOX 3168
HICKSVILLE, NY 11802

CYBERSOURCE, LTD.
ATTN: KENNET WHARF
41-45 QUEENS RD
READING, UNITED KINGDOM RG1 4BQ

DHL EXPRESS-USA
16592 COLLECTIONS CENTER DRIVE
CHICAGO, IL 60693

D'ORSAY
55 AVENUE MONTAIGNE
PARIS, FRANCE 75008

ELITE MODEL MANAGEMENT LLC
245 FIFTH AVE, 24TH FLOOR,
NEW YORK, NY 10016

EMAZZANTI
701 GRAND ST., GROUND F.
HOBOKEN, NJ 07030

ESCC
36 E 31ST ST.
NEW YORK, NY 10016

EUROAMERICAN DEVELOPMENT GROUP INC.
347 W 57TH ST 34A.
NEW YORK, NY 10019

EZCOM SOFTWARE INC
ATTN.: TERRY REYNOLDS
25 ROCKWOOD PLACE, SUITE 420
ENGLEWOOD, NJ 07631

FINELINE TECHNOLOGIES, INC.
PO BOX 934219
ATLANTA, GA 31193-4219

FIRST DATA-ONLINE
PO BOX 17548
DENVER, CO 80217

GIUSEPPE ZANOTTI SPA
VIA DELL'ARTIGIANATO
28 SAN MAURO PASCOLI, ITALY 47030

GIUSEPPE ZANOTTI SPA
C/O JULIE CURLEY
KIRBY AISNER & CURLEY LLP
700 POST RD., SUITE 237

SCARSDALE, NY 10583

GS1 US INC
DEPT 781271
PO BOX 78000
DETROIT, MI 48278-1271

IRS CENTRALIZED INSOLVENCY OPERATIONS
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

LEATHER SPA
22-19 41ST AVE
7 FL LONG ISLAND CITY, NY 11101

LOEB & LOEB LLP
345 PARK AVE
NEW YORK, NY 10154

MARSH USA INC
PO BOX 417724
BOSTON, MA 02241-7724

MINI MINT
399 PARK AVE
NEW YORK 10022

NEW JERSEY DIVISION OF TAXATION
COMPLIANCE AND ENFORCEMENT - BANKRUPTCY UNIT
3 JOHN FITCH WAY, 5TH FLOOR
TRENTON, NJ 08695-0245

NEW YORK STATE DEPT. OF TAXATION & FINANCE
OFFICE OF LEGAL AFFAIRS
375 PEARL ST., 30TH FLOOR
NEW YORK, NY 10038

NYC DEPARTMENT OF FINANCE
PO BOX 5070
KINGSTON, NY 12402-5070

OBM
12 CHRISTOPHER WAY, SUITE 104
EATONTOWN, NJ 07724

OFFICE OF THE NY STATE ATTORNEY GENERAL

28 LIBERTY ST.
NEW YORK, NY 10005

OPENTEXT.COM
29144 NETWORK PLACE
CHICAGO, IL 60673-1291

ORCHARD MILE
33 IRVING PLACE, 3RD FLOOR
NEW YORK, NY 10003

OXFORD HEALTH PLANS
PO BOX 94017
PALATINE, IL 60094

PERRIWATER LTD
960 FIRST AVENUE
NEW YORK, NY 10022

RAKUTEN MARKETING LLC
P.O. BOX 415613
BOSTON, MA 02241

RODNEY CORPORATION
555 MADISON AVENUE, FL 23
NEW YORK, NY 10022

RODNEY CORPORATION
C/O EMILY ANDERSON
SHEPPARD MULLIN HAMILTON & RICHTER LLP
30 ROCKEFELLER PLAZA
NEW YORK, NY 10112

SAVITRANSPORT-WHOLESALE
ATTN: GINA MARIN
4 ENGELHARD AVE
AVENEL, NJ 07001

SHOP PO
20 CHANNEL CENTER
BOSTON, MA 02110

SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE REGIONAL CHIEF COUNSEL, REGION II
26 FEDERAL PLAZA, ROOM 3904
NEW YORK, NY 10278

SPS COMMERCE
PO BOX 205782
DALLAS, TX 75320

STAPLES ADVANTAGE
PO BOX 70242
PHILADELPHIA, PA 19176-0242

STARK & STARK
PO BOX 5315
PRINCETON, NJ 08543-5315

STATE OF DELAWARE
DIVISION OF CORPORATIONSPO BOX 898
DOVER, DE 19903

STYLIGHT INC
1900 MARKET ST
8TH FLOOR, OFFICE 08-227
PHILADELPHIA, PA 19103

SUCCESS EXPRESS INC.
550 8TH AVENUE, MEZZANINE
NEW YORK, NY 10018

T56 OWNERS, LLC
ATTN: GABRIEL HUTTNER
C/O SOVEREIGN PARTNERS, LLC
747 THIRD AVE, 37TH FLOOR
NEW YORK, NY 10017

TMOBILE
PO BOX 742596
CINCINNATI, OH 45274-2596

ULINE
PO BOX 88741
CHICAGO, IL 60680-1741

UNITED PARCEL
PO BOX 809488
CHICAGO, IL 60680-9488

UNITED STATES ATTORNEY – SDNY
TAX & BANKRUPTCY UNIT 86

CHAMBERS STREET, THIRD FLOOR
NEW YORK, NY 10007

U.S. SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

UNITED STATES TRUSTEE'S OFFICE
ATTN: ANDREW SCHWARTZ
ONE BOWLING GREEN, ROOM 534
NEW YORK, NY 10004-1408

USER1ST LLC
PO BOX 14286
WASHINGTON, DC 20044

VENISTAR
VIA GAETANO DE CASTILLIA
23-20124 MILANO, ITALY

---

**Fill in this information to identify the case and this filing:**

Debtor Name  **GZ USA, Inc.**

United States Bankruptcy Court for the: **Southern**                District of  **New York**
                                                                               *(State)*

Case number *(If known):*  _____

---

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    **12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### ◼ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration    **Creditor Matrix - Master Mailing List**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **06/07/2024**                  ✗  *alain baume*
             MM / DD / YYYY                      Signature of individual signing on behalf of debtor

                                              **Alain Baume**
                                              Printed name

                                              **President**
                                              Position or relationship to debtor

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GZ USA, INC., | Case No. 24-_____( ) |
| Debtor. | (Subchapter V) |

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO
## FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(1) AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, GZ USA, Inc. the above-captioned debtor and debtor in possession, (the "**Debtor**") respectfully represents that it is owned 100% by Giuseppe Zanotti S.p.A.   In turn the following entities indirectly own 10% or more of any class of the Debtor's equity interests:

- Carnaz S.R.L. indirectly owns 24.300% of the Debtor;

- Zak S.R.L. indirectly owns 37.385% of the Debtor; and

- S.L.Z.A. S.A. indirectly owns 30.000% of the Debtor.

I, Alain Baume, the President of the above-captioned Debtor, declare under penalty of perjury that I have read the foregoing *Corporate Ownership Statement Pursuant to Federal Rule of Bankruptcy Procedure 1007(a) and 7007.1* and that it is true and correct to the best of my information and belief.

Dated:  June 7, 2024

_alain baume_
_____
Alain Baume
President

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| GZ USA, INC., | Case No. 24-_____ (   ) |
| Debtor. | (Subchapter V) |

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(3) for filing in this chapter 11 (subchapter V) case:

| Name and Address of Interest Holder | Type of Interest Held | Percentage |
|---|---|---|
| Giuseppe Zanotti, S.p.A. | shares | 100% |

I, Alain Baume, the President of the above-captioned Debtor, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Dated:  June 7, 2024

_alain baume_
_____
Alain Baume
President

| Form **1120** | **U.S. Corporation Income Tax Return** | OMB No. 1545-0123 |
|---|---|---|
| Department of the Treasury Internal Revenue Service | For calendar year 2022 or tax year beginning _____ , 2022, ending _____ , _____<br>Go to *www.irs.gov/Form1120* for instructions and the latest information. | **2022** |

**A** Check if:

1a Consolidated return (attach Form 851) . . . ☐
b Life/nonlife consolidated return . . . ☐
2 Personal holding co. (attach Sch. PH) . . . ☐
3 Personal service corp. (see instrs) . . . ☐

**TYPE OR PRINT**

GZ USA INC.
555 MADISON AVENUE, 21ST FLOOR
NEW YORK, NY 10022

**B** Employer identification number
85-0644626

**C** Date incorporated
5/01/2020

**D** Total assets (see instructions)
$   19,642,623.

4 Schedule M-3 attached ☒   **E** Check if: **(1)** ☐ Initial return   **(2)** ☐ Final return   **(3)** ☐ Name change   **(4)** ☐ Address change

| | | | | |
|---|---|---|---|---|
| **I N C O M E** | **1a** Gross receipts or sales . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **1a** | 20,482,199. | |
| | **b** Returns and allowances . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **1b** | | |
| | **c** Balance. Subtract line 1b from line 1a . . . . . . . . . . . . . . . . . . . . . . . . | | | **1c** 20,482,199. |
| | **2** Cost of goods sold (attach Form 1125-A) . . . . . . . . . . . . . . . . . . . . . . . | | | **2** 14,019,662. |
| | **3** Gross profit. Subtract line 2 from line 1c . . . . . . . . . . . . . . . . . . . . . . | | | **3** 6,462,537. |
| | **4** Dividends and inclusions (Schedule C, line 23) . . . . . . . . . . . . . . . . . . . . | | | **4** |
| | **5** Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **5** |
| | **6** Gross rents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **6** |
| | **7** Gross royalties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **7** |
| | **8** Capital gain net income (attach Schedule D (Form 1120)) . . . . . . . . . . . . . . . | | | **8** |
| | **9** Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) . . . . . . . . . | | | **9** |
| | **10** Other income (see instructions — attach statement) . . . . . . . SEE STATEMENT 1 . . . . | | | **10** 189,530. |
| | **11** **Total income.** Add lines 3 through 10 . . . . . . . . . . . . . . . . . . . . . . | | | **11** 6,652,067. |
| **D E D U C T I O N S** **S E E** **I N S T R U C T I O N S** **F O R   L I M I T A T I O N S   O N   D E D U C T I O N S** | **12** Compensation of officers (see instructions — attach Form 1125-E) . . . . . . . . . . . | | | **12** |
| | **13** Salaries and wages (less employment credits) . . . . . . . . . . . . . . . . . . . . | | | **13** 801,039. |
| | **14** Repairs and maintenance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **14** |
| | **15** Bad debts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **15** 38,046. |
| | **16** Rents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **16** 693,093. |
| | **17** Taxes and licenses . . . . . . . . . . . . . . . . . . SEE STATEMENT 2 . . . . | | | **17** 211,076. |
| | **18** Interest (see instructions) . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **18** |
| | **19** Charitable contributions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **19** |
| | **20** Depreciation from Form 4562 not claimed on Form 1125-A or elsewhere on return (attach Form 4562) . | | | **20** 169,922. |
| | **21** Depletion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **21** |
| | **22** Advertising . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **22** 63,267. |
| | **23** Pension, profit-sharing, etc., plans . . . . . . . . . . . . . . . . . . . . . . . . | | | **23** |
| | **24** Employee benefit programs . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **24** 74,173. |
| | **25** Reserved for future use . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **25** |
| | **26** Other deductions (attach statement) . . . . . . . . . SEE STATEMENT 3 . . . . | | | **26** 4,571,233. |
| | **27** **Total deductions.** Add lines 12 through 26 . . . . . . . . . . . . . . . . . . . . | | | **27** 6,621,849. |
| | **28** Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 . | | | **28** 30,218. |
| | **29a** Net operating loss deduction (see instructions) . . . . . . | **29a** | | |
| | **b** Special deductions (Schedule C, line 24) . . . . . . . . | **29b** | | |
| | **c** Add lines 29a and 29b . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **29c** |
| **T A X ,   R E F U N D A B L E   C R E D I T S ,   A N D   P A Y M E N T S** | **30** **Taxable income.** Subtract line 29c from line 28. See instructions . . . . . . . . . . . | | | **30** 30,218. |
| | **31** Total tax (Schedule J, Part I, line 11) . . . . . . . . . . . . . . . . . . . . . . | | | **31** 6,346. |
| | **32** Reserved for future use . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **32** |
| | **33** Total payments and credits (Schedule J, Part III, line 23) . . . . . . . . . . . . . . | | | **33** 95,200. |
| | **34** Estimated tax penalty. See instructions. Check if Form 2220 is attached . . . . . . . . ☐ | | | **34** |
| | **35** **Amount owed.** If line 33 is smaller than the total of lines 31 and 34, enter amount owed . . | | | **35** |
| | **36** **Overpayment.** If line 33 is larger than the total of lines 31 and 34, enter amount overpaid . . | | | **36** 88,854. |
| | **37** Enter amount from line 36 you want: **Credited to 2023 estimated tax** ▶ 88,854. **Refunded** ▶ | | | **37** 0. |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer _____ Date _____   Title PRESIDENT

May the IRS discuss this return with the preparer shown below? See instructions.
☒ Yes ☐ No

**Paid Preparer Use Only**

| Print/Type preparer's name<br>HOWARD S. KRANT | Preparer's signature | Date | Check ☐ if self-employed | PTIN<br>P00095649 |
|---|---|---|---|---|
| Firm's name ▶ ADEPTUS PARTNERS LLC | | | Firm's EIN ▶ 20-1835208 | |
| Firm's address ▶ 244 WEST 54TH STREET 9TH FLOOR<br>NEW YORK, NY 10019 | | | Phone no.  212-758-8050 | |

**BAA  For Paperwork Reduction Act Notice, see separate instructions.**   Form **1120** (2022)

CPCA0205  10/04/22

Form 1120 (2022)    GZ USA INC.                                                          85-0644626                    Page **2**

| Schedule C | Dividends, Inclusions, and Special Deductions (see instructions) | (a) Dividends and inclusions | (b) Percentage | (c) Special deductions (a) x (b) |
|---|---|---|---|---|
| 1 | Dividends from less-than-20%-owned domestic corporations (other than debt-financed stock) . . . . . . . . . . . . . . . . . . . . . . . . |  | 50 |  |
| 2 | Dividends from 20%-or-more-owned domestic corporations (other than debt-financed stock) . . . . . . . . . . . . . . . . . . . . . . . . |  | 65 |  |
| 3 | Dividends on certain debt-financed stock of domestic and foreign corporations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | See instructions |  |
| 4 | Dividends on certain preferred stock of less-than-20%-owned public utilities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | 23.3 |  |
| 5 | Dividends on certain preferred stock of 20%-or-more-owned public utilities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | 26.7 |  |
| 6 | Dividends from less-than-20%-owned foreign corporations and certain FSCs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | 50 |  |
| 7 | Dividends from 20%-or-more-owned foreign corporations and certain FSCs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | 65 |  |
| 8 | Dividends from wholly owned foreign subsidiaries . . . . . . . . . . . . . . . . . . |  | 100 |  |
| 9 | **Subtotal.** Add lines 1 through 8. See instructions for limitations . . . . . |  | See instructions |  |
| 10 | Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | 100 |  |
| 11 | Dividends from affiliated group members . . . . . . . . . . . . . . . . . . . . . . . |  | 100 |  |
| 12 | Dividends from certain FSCs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | 100 |  |
| 13 | Foreign-source portion of dividends received from a specified 10%-owned foreign corporation (excluding hybrid dividends) (see instructions) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | 100 |  |
| 14 | Dividends from foreign corporations not included on line 3, 6, 7, 8, 11, 12, or 13 (including any hybrid dividends) . . . . . . . . . . . . . . . . . . . . |  |  |  |
| 15 | Reserved for future use . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  |  |  |
| 16a | Subpart F inclusions derived from the sale by a controlled foreign corporation (CFC) of the stock of a lower-tier foreign corporation treated as a dividend (attach Form(s) 5471) (see instructions) . . . . . |  | 100 |  |
| b | Subpart F inclusions derived from hybrid dividends of tiered corporations (attach Form(s) 5471) (see instructions) . . . . . . . . . . . . . |  |  |  |
| c | Other inclusions from CFCs under subpart F not included on line 16a, 16b, or 17 (attach Form(s) 5471) (see instructions) . . . . . . . . . . . . |  |  |  |
| 17 | Global Intangible Low-Taxed Income (GILTI) (attach Form(s) 5471 and Form 8992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  |  |  |
| 18 | Gross-up for foreign taxes deemed paid . . . . . . . . . . . . . . . . . . . . . . |  |  |  |
| 19 | IC-DISC and former DISC dividends not included on line 1, 2, or 3 . . |  |  |  |
| 20 | Other dividends . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  |  |  |
| 21 | Deduction for dividends paid on certain preferred stock of public utilities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  |  |  |
| 22 | Section 250 deduction (attach Form 8993) . . . . . . . . . . . . . . . . . . . . |  |  |  |
| 23 | **Total dividends and inclusions.** Add column (a), lines 9 through 20. Enter here and on page 1, line 4 . . . . . . . . . . . . . . . . . . . . . . . . |  |  |  |
| 24 | **Total special deductions.** Add column (c) lines 9 through 22. Enter here and on page 1, line 29b . . . . . . . . . . . . . . . . . |  |  |  |

Form **1120** (2022)

Form 1120 (2022)    GZ USA INC.                                                    85-0644626                    Page **3**

| **Schedule J** | **Tax Computation and Payment** (see instructions) | | |
|---|---|---|---|

**Part I — Tax Computation**

| | | | |
|---|---|---|---|
| 1 | Check if the corporation is a member of a controlled group (attach Schedule O (Form 1120)). See instructions ☐ | | |
| 2 | Income tax. See instructions | **2** | 6,346. |
| 3 | Base erosion minimum tax amount (attach Form 8991) | **3** | |
| 4 | Add lines 2 and 3 | **4** | 6,346. |
| 5a | Foreign tax credit (attach Form 1118) | **5a** | |
| b | Credit from Form 8834 (see instructions) | **5b** | |
| c | General business credit (attach Form 3800) | **5c** | |
| d | Credit for prior year minimum tax (attach Form 8827) | **5d** | |
| e | Bond credits from Form 8912 | **5e** | |
| 6 | **Total credits.** Add lines 5a through 5e | **6** | |
| 7 | Subtract line 6 from line 4 | **7** | 6,346. |
| 8 | Personal holding company tax (attach Schedule PH (Form 1120)) | **8** | |
| 9a | Recapture of investment credit (attach Form 4255) | **9a** | |
| b | Recapture of low-income housing credit (attach Form 8611) | **9b** | |
| c | Interest due under the look-back method — completed long-term contracts (attach Form 8697) | **9c** | |
| d | Interest due under the look-back method — income forecast method (attach Form 8866) | **9d** | |
| e | Alternative tax on qualifying shipping activities (attach Form 8902) | **9e** | |
| f | Interest/tax due under section 453A(c) and/or section 453(l) | **9f** | |
| g | Other (see instructions — attach statement) | **9g** | |
| 10 | **Total.** Add lines 9a through 9g | **10** | |
| 11 | **Total tax.** Add lines 7, 8, and 10. Enter here and on page 1, line 31 | **11** | 6,346. |

**Part II — Reserved for Future Use**

| | | | |
|---|---|---|---|
| 12 | Reserved for future use | **12** | |

**Part III — Payments and Refundable Credits**

| | | | |
|---|---|---|---|
| 13 | 2021 overpayment credited to 2022 | **13** | |
| 14 | 2022 estimated tax payments | **14** | 95,200. |
| 15 | 2022 refund applied for on Form 4466 | **15** | ( ) |
| 16 | Combine lines 13, 14, and 15 | **16** | 95,200. |
| 17 | Tax deposited with Form 7004 | **17** | |
| 18 | Withholding (see instructions) | **18** | |
| 19 | **Total payments.** Add lines 16, 17, and 18 | **19** | 95,200. |
| 20 | Refundable credits from: | | |
| a | Form 2439 | **20a** | |
| b | Form 4136 | **20b** | |
| c | Reserved for future use | **20c** | |
| d | Other (attach statement — see instructions) | **20d** | |
| 21 | **Total credits.** Add lines 20a through 20d | **21** | |
| 22 | Reserved for future use | **22** | |
| 23 | **Total payments and credits.** Add lines 19 and 21. Enter here and on page 1, line 33 | **23** | 95,200. |

Form **1120** (2022)

Form 1120 (2022)    GZ USA INC.                                            85-0644626                              Page **4**

| **Schedule K** | **Other Information** (see instructions) | | |
|---|---|---|---|

| | | Yes | No |
|---|---|---|---|
| **1** Check accounting method: **a** ☐ Cash   **b** ☒ Accrual   **c** ☐ Other (specify) _ _ _ _ _ _ _ _ _ _ _ _ _ | | | |
| **2** See the instructions and enter the: | | | |
| **a** Business activity code no.  423990 _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | | |
| **b** Business activity  WHOLESALE _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | | |
| **c** Product or service  WHOLESALE _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | | |
| **3** Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group?.............................. | | | X |
| If "Yes," enter name and EIN of the parent corporation  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | | |
| **4** At the end of the tax year: | | | |
| **a** Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part I of Schedule G (Form 1120) (attach Schedule G)........... | | X | |
| **b** Did any individual or estate own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part II of Schedule G (Form 1120) (attach Schedule G)....... | | | X |
| **5** At the end of the tax year, did the corporation: | | | |
| **a** Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation not included on **Form 851,** Affiliations Schedule? For rules of constructive ownership, see instructions................................................................................... | | | X |
| If "Yes," complete (i) through (iv) below. | | | |

| **(i)** Name of Corporation | **(ii)** Employer Identification Number (if any) | **(iii)** Country of Incorporation | **(iv)** Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| **b** Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. ........................................................................ | | | X |
| If "Yes," complete (i) through (iv) below. | | | |

| **(i)** Name of Entity | **(ii)** Employer Identification Number (if any) | **(iii)** Country of Organization | **(iv)** Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

| | | Yes | No |
|---|---|---|---|
| **6** During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? See sections 301 and 316...................... | | | X |
| If "Yes," file **Form 5452,** Corporate Report of Nondividend Distributions. See the instructions for Form 5452. | | | |
| If this is a consolidated return, answer here for the parent corporation and on Form 851 for each subsidiary. | | | |
| **7** At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of the total voting power of all classes of the corporation's stock entitled to vote or at least 25% of the total value of all classes of the corporation's stock? For rules of attribution, see section 318. If "Yes," enter: | | | X |
| **(a)** Percentage owned _ _ _ _ _ _ _  and **(b)** Owner's country _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | | |
| **(c)** The corporation may have to file **Form 5472,** Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business. Enter the number of Forms 5472 attached  1 _ _ _ _ _ _ _ _ _ _ _ | | | |
| **8** Check this box if the corporation issued publicly offered debt instruments with original issue discount .................... ☐ | | | |
| If checked, the corporation may have to file **Form 8281,** Information Return for Publicly Offered Original Issue Discount Instruments. | | | |
| **9** Enter the amount of tax-exempt interest received or accrued during the tax year $ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ NONE | | | |
| **10** Enter the number of shareholders at the end of the tax year (if 100 or fewer) _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | | |
| **11** If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here (see instructions)........ ☐ | | | |
| If the corporation is filing a consolidated return, the statement required by Regulations section 1.1502-21(b)(3) must be attached or the election will not be valid. | | | |
| **12** Enter the available NOL carryover from prior tax years (do not reduce it by any deduction reported on page 1, line 29a.) ................................................ $ NONE | | | |

Form **1120** (2022)

Form 1120 (2022)   GZ USA INC.                                          85-0644626                    Page **5**

| **Schedule K** | **Other Information** *(continued from page 4)* | | Yes | No |
|---|---|---|:---:|:---:|
| 13 | Are the corporation's total receipts (page 1, line 1a, plus lines 4 through 10) for the tax year **and** its total assets at the end of the tax year less than $250,000?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | X |
| | If "Yes," the corporation is not required to complete Schedules L, M-1, and M-2. Instead, enter the total amount of cash distributions and the book value of property distributions (other than cash) made during the tax year $ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | | |
| 14 | Is the corporation required to file Schedule UTP (Form 1120), Uncertain Tax Position Statement? See instructions. . . . . . . . . . | | | X |
| | If "Yes," complete and attach Schedule UTP. | | | |
| 15a | Did the corporation make any payments in 2022 that would require it to file Form(s) 1099?. . . . . . . . . . . . . . . . . . . . . . . . . . . | | X | |
| b | If "Yes," did or will the corporation file required Form(s) 1099?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X | |
| 16 | During this tax year, did the corporation have an 80%-or-more change in ownership, including a change due to redemption of its own stock?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | X |
| 17 | During or subsequent to this tax year, but before the filing of this return, did the corporation dispose of more than 65% (by value) of its assets in a taxable, non-taxable, or tax deferred transaction?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | X |
| 18 | Did the corporation receive assets in a section 351 transfer in which any of the transferred assets had a fair market basis or fair market value of more than $1 million?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | X |
| 19 | During the corporation's tax year, did the corporation make any payments that would require it to file Forms 1042 and 1042-S under chapter 3 (sections 1441 through 1464) or chapter 4 (sections 1471 through 1474) of the Code?. . . . . . . . . . . . . . . | | | X |
| 20 | Is the corporation operating on a cooperative basis?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | X |
| 21 | During the tax year, did the corporation pay or accrue any interest or royalty for which the deduction is not allowed under section 267A? See instructions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | X |
| | If "Yes," enter the total amount of the disallowed deductions $ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | | |
| 22 | Does the corporation have gross receipts of at least $500 million in any of the 3 preceding tax years? (See sections 59A(e)(2) and (3)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | X |
| | If "Yes," complete and attach Form 8991. | | | |
| 23 | Did the corporation have an election under section 163(j) for any real property trade or business or any farming business in effect during the tax year? See instructions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | X |
| 24 | Does the corporation satisfy one or more of the following? See instructions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | X |
| a | The corporation owns a pass-through entity with current, or prior year carryover, excess business interest expense. | | | |
| b | The corporation's aggregate average annual gross receipts (determined under section 448(c)) for the 3 tax years preceding the current tax year are more than $27 million and the corporation has business interest expense. | | | |
| c | The corporation is a tax shelter and the corporation has business interest expense. | | | |
| | If "Yes," complete and attach Form 8990. | | | |
| 25 | Is the corporation attaching Form 8996 to certify as a Qualified Opportunity Fund?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | X |
| | If "Yes," enter amount from Form 8996, line 15. . . . . . . . . . . . $ | | | |
| 26 | Since December 22, 2017, did a foreign corporation directly or indirectly acquire substantially all of the properties held directly or indirectly by the corporation, and was the ownership percentage (by vote or value) for purposes of section 7874 greater than 50% (for example, the shareholders held more than 50% of the stock of the foreign corporation)? If "Yes," list the ownership percentage by vote and by value. See instructions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | X |
| | Percentage: By Vote                          Percentage: By Value | | | |

Form **1120** (2022)

Form 1120 (2022)   GZ USA INC.                                                85-0644626                              Page 6

| **Schedule L** | **Balance Sheets per Books** | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| | **Assets** | **(a)** | **(b)** | **(c)** | **(d)** |
| **1** | Cash. . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 1,672,387. | | 718,019. |
| **2a** | Trade notes and accounts receivable. . . . . . . | 7,815,562. | | 5,652,159. | |
| **b** | Less allowance for bad debts. . . . . . . . . . . . . | ( 1,529,715.) | 6,285,847. | ( 1,529,715.) | 4,122,444. |
| **3** | Inventories. . . . . . . . . . . . . . . . . . . . . . . . | | 2,385,756. | | 3,591,817. |
| **4** | U.S. government obligations. . . . . . . . . . . . | | | | |
| **5** | Tax-exempt securities (see instructions). . . . | | | | |
| **6** | Other current assets (attach statement) SEE ST 4 | | 304,905. | | |
| **7** | Loans to shareholders. . . . . . . . . . . . . . . . . | | | | |
| **8** | Mortgage and real estate loans. . . . . . . . . . . | | | | |
| **9** | Other investments (attach statement). . . . . . . . | | | | |
| **10a** | Buildings and other depreciable assets. . . . . . | 2,629,336. | | 2,635,755. | |
| **b** | Less accumulated depreciation . . . . . . . . . . . | ( 1,432,819.) | 1,196,517. | ( 1,764,400.) | 871,355. |
| **11a** | Depletable assets. . . . . . . . . . . . . . . . . . . . | | | | |
| **b** | Less accumulated depletion . . . . . . . . . . . . . | ( ) | | ( ) | |
| **12** | Land (net of any amortization). . . . . . . . . . . . | | | | |
| **13a** | Intangible assets (amortizable only). . . . . . . . | 10,338,988. | | 10,338,988. | |
| **b** | Less accumulated amortization . . . . . . . . . . . | ( ) | 10,338,988. | ( ) | 10,338,988. |
| **14** | Other assets (attach statement) . . . . . . . . . . . . | | | | |
| **15** | Total assets. . . . . . . . . . . . . . . . . . . . . . | | 22,184,400. | | 19,642,623. |
| | **Liabilities and Shareholders' Equity** | | | | |
| **16** | Accounts payable. . . . . . . . . . . . . . . . . . . | | 19,981,854. | | 17,092,356. |
| **17** | Mortgages, notes, bonds payable in less than 1 year . . . | | | | |
| **18** | Other current liabilities (attach stmt) SEE ST 5 | | 633,952. | | 573,208. |
| **19** | Loans from shareholders. . . . . . . . . . . . . . . | | | | |
| **20** | Mortgages, notes, bonds payable in 1 year or more . . . | | | | |
| **21** | Other liabilities (attach statement). . . . . . . . . | | | | |
| **22** | Capital stock:   **a** Preferred stock. . . . . . . . . . | | | | |
| | **b** Common stock. . . . . . . . . . . | 150,000. | 150,000. | 150,000. | 150,000. |
| **23** | Additional paid-in capital. . . . . . . . . . . . . . . | | | | |
| **24** | Retained earnings — Approp (att stmt). . . . . . | | | | |
| **25** | Retained earnings — Unappropriated. . . . . . . | | 1,418,594. | | 1,827,059. |
| **26** | Adjmt to shareholders' equity (att stmt) . . . . . . . | | | | |
| **27** | Less cost of treasury stock . . . . . . . . . . . . . | | ( ) | | ( ) |
| **28** | Total liabilities and shareholders' equity . . . . . | | 22,184,400. | | 19,642,623. |

| **Schedule M-1** | **Reconciliation of Income (Loss) per Books With Income per Return** |
|---|---|

**Note:** The corporation may be required to file Schedule M-3. See instructions.

| **1** | Net income (loss) per books. . . . . . . . . . . . . | 408,465. | **7** | Income recorded on books this year not | |
|---|---|---|---|---|---|
| **2** | Federal income tax per books. . . . . . . . . . . . | 149,622. | | included on this return (itemize): | |
| **3** | Excess of capital losses over capital gains . . . | | | Tax-exempt interest $ _ _ _ _ _ _ _ _ _ | |
| **4** | Income subject to tax not recorded on books | | | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |
| | this year (itemize): _ _ _ _ _ _ _ _ _ _ | | | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |
| | | | **8** | Deductions on this return not charged | |
| **5** | Expenses recorded on books this year not | | | against book income this year (itemize): | |
| | deducted on this return (itemize): | | | **a** Depreciation. . . $ _ _ _ _ _ _ _ _ _ | |
| **a** | Depreciation. . . . . . . $ _ _ _ _ _ 161,659. | | | **b** Charitable contribns $ _ _ _ _ _ _ _ _ _ | |
| **b** | Charitable contributions . . $ _ _ _ _ _ _ _ _ _ _ | | | SEE STMT 7 _ _ _ _ _ _ 689,610. | |
| **c** | Travel & entertainment . . $ _ _ _ _ _ _ _ _ _ | | | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |
| | STATEMENT 6 _ _ _ _ _ _ _ _ 82. | | | | 689,610. |
| | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | 161,741. | **9** | Add lines 7 and 8. . . . . . . . . . . . . | 689,610. |
| **6** | Add lines 1 through 5. . . . . . . . . . . . . . . | 719,828. | **10** | Income (page 1, line 28) — line 6 less line 9 . . . . | 30,218. |

| **Schedule M-2** | **Analysis of Unappropriated Retained Earnings per Books (Schedule L, Line 25)** |
|---|---|

| **1** | Balance at beginning of year . . . . . . . . . . . | 1,418,594. | **5** | Distributions. . . . . . . . . . . . . .   **a** Cash. . . . | |
|---|---|---|---|---|---|
| **2** | Net income (loss) per books. . . . . . . . . . . . | 408,465. | | **b** Stock . . . . . . . . .   **c** Property . . | |
| **3** | Other increases (itemize): _ _ _ _ _ _ _ _ _ _ | | **6** | Other decreases (itemize): | |
| | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |
| | | | **7** | Add lines 5 and 6. . . . . . . . . . . . . | |
| **4** | Add lines 1, 2, and 3. . . . . . . . . . . . . | 1,827,059. | **8** | Balance at end of year (line 4 less line 7). . . . . . | 1,827,059. |

Form **1120** (2022)

Form **1125-A**
(Rev. November 2018)

Department of the Treasury
Internal Revenue Service

## Cost of Goods Sold

► **Attach to Form 1120, 1120-C, 1120-F, 1120S, or 1065.**
► **Go to www.irs.gov/Form1125A for the latest information.**

OMB No. 1545-0123

| Name | Employer identification number |
|------|-------------------------------|
| GZ USA INC. | 85-0644626 |

| | | |
|---|---|---:|
| **1** Inventory at beginning of year | **1** | 2,385,756. |
| **2** Purchases | **2** | 15,225,723. |
| **3** Cost of labor | **3** | |
| **4** Additional section 263A costs (attach schedule) | **4** | |
| **5** Other costs (attach schedule) | **5** | |
| **6** **Total.** Add lines 1 through 5 | **6** | 17,611,479. |
| **7** Inventory at end of year | **7** | 3,591,817. |
| **8** **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on Form 1120, page 1, line 2 or the appropriate line of your tax return. See instructions | **8** | 14,019,662. |

**9 a** Check all methods used for valuing closing inventory:

   *(i)* ☐ Cost

   *(ii)* ☒ Lower of cost or market

   *(iii)* ☐ Other (Specify method used and attach explanation.) ► _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

  **b** Check if there was a writedown of subnormal goods ► ☐

  **c** Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) ► ☐

  **d** If the LIFO inventory method was used for this tax year, enter amount of closing inventory computed under LIFO | **9d** | |

  **e** If property is produced or acquired for resale, do the rules of section 263A apply to the entity? See instructions ☐ Yes ☒ No

  **f** Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If "Yes," attach explanation ☐ Yes ☒ No

**BAA For Paperwork Reduction Act Notice, see instructions.**

Form **1125-A** (Rev. 11-2018)

CPCZ0401L   09/26/18

**SCHEDULE G**
**(Form 1120)**
(Rev December 2011)

Department of the Treasury
Internal Revenue Service

## Information on Certain Persons Owning the Corporation's Voting Stock

► **Attach to Form 1120.**

► **See instructions.**

OMB No. 1545-0123

| Name | Employer identification number (EIN) |
|---|---|
| GZ USA INC. | 85-0644626 |

**Part I** **Certain Entities Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4a).
Complete columns (i) through (v) below for any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Percentage Owned in Voting Stock |
|---|---|---|---|---|
| VICINI SPA | FOREIGN US | CORPORATION | ITALY | 100.00% |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Part II** **Certain Individuals and Estates Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4b).
Complete columns (i) through (iv) below for any individual or estate that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Individual or Estate | (ii) Identifying Number (if any) | (iii) Country of Citizenship (see instructions) | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**BAA** **For Paperwork Reduction Act Notice,**
**see the Instructions for Form 1120.**

CPCA1901L   06/02/11

**Schedule G (Form 1120) (Rev 12-2011)**

**SCHEDULE M-3**
**(Form 1120)**

(Rev. December 2019)
Department of the Treasury
Internal Revenue Service

# Net Income (Loss) Reconciliation for Corporations With Total Assets of $10 Million or More

► Attach to Form 1120 or 1120-C.
► Go to *www.irs.gov/Form1120* for instructions and the latest information.

OMB No. 1545-0123

| Name of corporation (common parent, if consolidated return) | Employer identification number |
|---|---|
| GZ USA INC. | 85-0644626 |

Check applicable box(es): (1) [X] Non-consolidated return    (2) [ ] Consolidated return (Form 1120 only)
(3) [ ] Mixed 1120/L/PC group    (4) [ ] Dormant subsidiaries schedule attached

## Part I   Financial Information and Net Income (Loss) Reconciliation   (see instructions)

**1 a** Did the corporation file SEC Form 10-K for its income statement period ending with or within this tax year?
  [ ] **Yes.** Skip lines 1b and 1c and complete lines 2a through 11 with respect to that SEC Form 10-K.
  [ ] **No.** Go to line 1b. See instructions if multiple non-tax-basis income statements are prepared.
**b** Did the corporation prepare a certified audited non-tax-basis income statement for that period?
  [ ] **Yes.** Skip line 1c and complete lines 2a through 11 with respect to that income statement.
  [ ] **No.** Go to line 1c.
**c** Did the corporation prepare a non-tax-basis income statement for that period?
  [ ] **Yes.** Complete lines 2a through 11 with respect to that income statement.
  [ ] **No.** Skip lines 2a through 3c and enter the corporation's net income (loss) per its books and records on line 4a.
**2 a** Enter the income statement period: Beginning  1/01/22  Ending  12/31/22
**b** Has the corporation's income statement been restated for the income statement period on line 2a?
  [ ] **Yes.** (If "Yes," attach an explanation and the amount of each item restated.)
  [X] **No.**
**c** Has the corporation's income statement been restated for any of the five income statement periods immediately preceding the period on line 2a?
  [ ] **Yes.** (If "Yes," attach an explanation and the amount of each item restated.)
  [X] **No.**
**3 a** Is any of the corporation's voting common stock publicly traded?
  [ ] **Yes.**
  [X] **No.** If "No," go to line 4a.
**b** Enter the symbol of the corporation's primary U.S. publicly traded voting common stock. . . . . . . . . . . . .
**c** Enter the nine-digit CUSIP number of the corporation's primary publicly traded voting common stock. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| | | |
|---|---|---:|
| **4 a** Worldwide consolidated net income (loss) from income statement source identified in Part I, line 1. . . . . . . . . | **4 a** | 408,465. |
| **b** Indicate accounting standard used for line 4a (see instructions):<br>(1) [ ] GAAP  (2) [ ] IFRS  (3) [ ] Statutory  (4) [ ] Tax-basis  (5) [ ] Other (specify) | | |
| **5 a** Net income from noncludible foreign entities (attach statement). . . . . . . . . . . . . . . . . . . . . . . . . . | **5 a** | ( ) |
| **b** Net loss from noncludible foreign entities (attach statement and enter as a positive amount). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **5 b** | |
| **6 a** Net income from noncludible U.S. entities (attach statement). . . . . . . . . . . . . . . . . . . . . . . . . . . . | **6 a** | ( ) |
| **b** Net loss from noncludible U.S. entities (attach statement and enter as a positive amount). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **6 b** | |
| **7 a** Net income (loss) of other includible foreign disregarded entities (attach statement). . . . . . . . . . . . . . | **7 a** | |
| **b** Net income (loss) of other includible U.S. disregarded entities (attach statement) . . . . . . . . . . . . . . . | **7 b** | |
| **c** Net income (loss) of other includible entities (attach statement). . . . . . . . . . . . . . . . . . . . . . . . . . | **7 c** | |
| **8** Adjustment to eliminations of transactions between includible entities and noncludible entities (attach statement). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **8** | |
| **9** Adjustment to reconcile income statement period to tax year (attach statement) . . . . . . . . . . . . . . . . | **9** | |
| **10 a** Intercompany dividend adjustments to reconcile to line 11 (attach statement). . . . . . . . . . . . . . . . . | **10 a** | |
| **b** Other statutory accounting adjustments to reconcile to line 11 (attach statement) . . . . . . . . . . . . . . . | **10 b** | |
| **c** Other adjustments to reconcile to amount on line 11 (attach statement) . . . . . . . . . . . . . . . . . . . . . | **10 c** | |
| **11** Net income (loss) per income statement of includible corporations. Combine lines 4 through 10. . . . . . . . | **11** | 408,465. |

**Note:** Part I, line 11, must equal Part II, line 30, column (a), or Schedule M-1, line 1 (see instructions).

**12** Enter the total amount (not just the corporation's share) of the assets and liabilities of all entities included or removed on the following lines.

| | Total Assets | Total Liabilities |
|---|---:|---:|
| **a** Included on Part I, line 4 . . . . . . . . . . . . . . . ► | 19,642,623. | 17,665,564. |
| **b** Removed on Part I, line 5 . . . . . . . . . . . . . . ► | | |
| **c** Removed on Part I, line 6 . . . . . . . . . . . . . . ► | | |
| **d** Included on Part I, line 7 . . . . . . . . . . . . . . ► | | |

**BAA** For Paperwork Reduction Act Notice, see the Instructions for Form 1120.    CPCA1001L  01/09/22    **Schedule M-3 (Form 1120) (Rev. 12-2019)**

| Form **4562** | **Depreciation and Amortization** (Including Information on Listed Property) Attach to your tax return. Go to *www.irs.gov/Form4562* for instructions and the latest information. | OMB No. 1545-0172 **2022** Attachment Sequence No. **179** |
|---|---|---|
| Department of the Treasury Internal Revenue Service | | |

| Name(s) shown on return | Identifying number |
|---|---|
| GZ USA INC. | 85-0644626 |

Business or activity to which this form relates

FORM 1120

### Part I — Election To Expense Certain Property Under Section 179

**Note:** If you have any listed property, complete Part V before you complete Part I.

| | | | |
|---|---|---|---|
| 1 | Maximum amount (see instructions) | 1 | 1,080,000. |
| 2 | Total cost of section 179 property placed in service (see instructions) | 2 | |
| 3 | Threshold cost of section 179 property before reduction in limitation (see instructions) | 3 | 2,700,000. |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | 4 | |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | 5 | |

| 6 | **(a)** Description of property | **(b)** Cost (business use only) | **(c)** Elected cost |
|---|---|---|---|
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| 7 | Listed property. Enter the amount from line 29 | 7 | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | 8 | |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | 9 | |
| 10 | Carryover of disallowed deduction from line 13 of your 2021 Form 4562 | 10 | |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5. See instrs | 11 | |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | 12 | |
| 13 | Carryover of disallowed deduction to 2023. Add lines 9 and 10, less line 12 . . . . . . . 13 | | |

**Note:** Don't use Part II or Part III below for listed property. Instead, use Part V.

### Part II — Special Depreciation Allowance and Other Depreciation (Don't include listed property. See instructions.)

| | | | |
|---|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year. See instructions | 14 | 6,419. |
| 15 | Property subject to section 168(f)(1) election | 15 | |
| 16 | Other depreciation (including ACRS) | 16 | |

### Part III — MACRS Depreciation (Don't include listed property. See instructions.)

#### Section A

| | | | |
|---|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2022 | 17 | 163,503. |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here | ☐ | |

#### Section B — Assets Placed in Service During 2022 Tax Year Using the General Depreciation System

| **(a)** Classification of property | **(b)** Month and year placed in service | **(c)** Basis for depreciation (business/investment use only — see instructions) | **(d)** Recovery period | **(e)** Convention | **(f)** Method | **(g)** Depreciation deduction |
|---|---|---|---|---|---|---|
| **19a** 3-year property | | | | | | |
| **b** 5-year property | | | | | | |
| **c** 7-year property | | | | | | |
| **d** 10-year property | | | | | | |
| **e** 15-year property | | | | | | |
| **f** 20-year property | | | | | | |
| **g** 25-year property | | | 25 yrs | | S/L | |
| **h** Residential rental property | | | 27.5 yrs | MM | S/L | |
| | | | 27.5 yrs | MM | S/L | |
| **i** Nonresidential real property | | | 39 yrs | MM | S/L | |
| | | | | MM | S/L | |

#### Section C — Assets Placed in Service During 2022 Tax Year Using the Alternative Depreciation System

| | | | | | | |
|---|---|---|---|---|---|---|
| **20a** Class life | | | | | S/L | |
| **b** 12-year | | | 12 yrs | | S/L | |
| **c** 30-year | | | 30 yrs | MM | S/L | |
| **d** 40-year | | | 40 yrs | MM | S/L | |

### Part IV — Summary (See instructions.)

| | | | |
|---|---|---|---|
| 21 | Listed property. Enter amount from line 28 | 21 | |
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations — see instructions | 22 | 169,922. |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs . . . . . . . . . . . . . . . . . 23 | | |

BAA  For Paperwork Reduction Act Notice, see separate instructions.          FDIZ0812L 06/28/22          Form **4562** (2022)

Form 4562 (2022)    GZ USA INC.                                                85-0644626        Page 2

| Part V | Listed Property (Include automobiles, certain other vehicles, certain aircraft, and property used for entertainment, recreation, or amusement.) |
|---|---|

**Note:** For any vehicle for which you are using the standard mileage rate or deducting lease expense, complete **only** 24a, 24b, columns (a) through (c) of Section A, all of Section B, and Section C if applicable.

**Section A — Depreciation and Other Information (Caution:** See the instructions for limits for passenger automobiles.**)**

**24a** Do you have evidence to support the business/investment use claimed?.......... ☐ Yes ☐ No  **24b** If 'Yes,' is the evidence written?...... ☐ Yes ☐ No

| (a) Type of property (list vehicles first) | (b) Date placed in service | (c) Business/investment use percentage | (d) Cost or other basis | (e) Basis for depreciation (business/investment use only) | (f) Recovery period | (g) Method/ Convention | (h) Depreciation deduction | (i) Elected section 179 cost |
|---|---|---|---|---|---|---|---|---|
| **25** Special depreciation allowance for qualified listed property placed in service during the tax year and used more than 50% in a qualified business use. See instructions .................................. | | | | | | **25** | | |
| **26** Property used more than 50% in a qualified business use: | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| **27** Property used 50% or less in a qualified business use: | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| **28** Add amounts in column (h), lines 25 through 27. Enter here and on line 21, page 1 ............... | | | | | | **28** | | |
| **29** Add amounts in column (i), line 26. Enter here and on line 7, page 1........................................... | | | | | | | | **29** |

**Section B — Information on Use of Vehicles**

Complete this section for vehicles used by a sole proprietor, partner, or other 'more than 5% owner,' or related person. If you provided vehicles to your employees, first answer the questions in Section C to see if you meet an exception to completing this section for those vehicles.

| | (a) Vehicle 1 | | (b) Vehicle 2 | | (c) Vehicle 3 | | (d) Vehicle 4 | | (e) Vehicle 5 | | (f) Vehicle 6 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **30** Total business/investment miles driven during the year (**don't** include commuting miles). | | | | | | | | | | | | |
| **31** Total commuting miles driven during the year........ | | | | | | | | | | | | |
| **32** Total other personal (noncommuting) miles driven .................................. | | | | | | | | | | | | |
| **33** Total miles driven during the year. Add lines 30 through 32 ........................ | | | | | | | | | | | | |
| | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No |
| **34** Was the vehicle available for personal use during off-duty hours?..................... | | | | | | | | | | | | |
| **35** Was the vehicle used primarily by a more than 5% owner or related person? ......... | | | | | | | | | | | | |
| **36** Is another vehicle available for personal use?................................... | | | | | | | | | | | | |

**Section C — Questions for Employers Who Provide Vehicles for Use by Their Employees**

Answer these questions to determine if you meet an exception to completing Section B for vehicles used by employees who **aren't** more than 5% owners or related persons. See instructions.

| | Yes | No |
|---|---|---|
| **37** Do you maintain a written policy statement that prohibits all personal use of vehicles, including commuting, by your employees?................................................ | | |
| **38** Do you maintain a written policy statement that prohibits personal use of vehicles, except commuting, by your employees? See the instructions for vehicles used by corporate officers, directors, or 1% or more owners .............. | | |
| **39** Do you treat all use of vehicles by employees as personal use? ............................ | | |
| **40** Do you provide more than five vehicles to your employees, obtain information from your employees about the use of the vehicles, and retain the information received?.................................. | | |
| **41** Do you meet the requirements concerning qualified automobile demonstration use? See instructions.................. | | |
| **Note:** If your answer to 37, 38, 39, 40, or 41 is 'Yes,' don't complete Section B for the covered vehicles. | | |

| Part VI | Amortization |
|---|---|

| (a) Description of costs | (b) Date amortization begins | (c) Amortizable amount | (d) Code section | (e) Amortization period or percentage | (f) Amortization for this year |
|---|---|---|---|---|---|
| **42** Amortization of costs that begins during your 2022 tax year (see instructions): | | | | | |
| | | | | | |
| | | | | | |
| **43** Amortization of costs that began before your 2022 tax year............................................ | | | | **43** | 689,610. |
| **44** **Total.** Add amounts in column (f). See the instructions for where to report ........................... | | | | **44** | 689,610. |

FDIZ0812L 06/28/22                                                        Form **4562** (2022)

Form **5472**
(Rev. December 2022)

Department of the Treasury
Internal Revenue Service

**Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business**
(Under Sections 6038A and 6038C of the Internal Revenue Code)
Go to *www.irs.gov/Form5472* for instructions and the latest information.

For tax year of the reporting corporation beginning __1/01__ , __2022__ , and ending __12/31__ , __2022__
**Note:** Enter all information in English and money items in U.S. dollars.

OMB No. 1545-0123

| **Part I** | **Reporting Corporation** (see instructions). All reporting corporations must complete Part I. | |
|---|---|---|

**1a** Name of reporting corporation
GZ USA INC.

Number, street, and room or suite no. (If a P.O. box, see instructions.)
555 MADISON AVENUE, 21ST FLOOR

City or town, state, and ZIP code (If a foreign address, see instructions.)
NEW YORK, NY 10022

**1b** Employer identification number
85-0644626

**1c** Total assets
$ 19,642,623.

**1d** Principal business activity .. WHOLESALE   **1e** Principal business activity code .. 423990

**1f** Total value of gross payments made or received reported on **this** Form 5472. See instructions.
$ 16,188,261.

**1g** Total number of Forms 5472 filed for the tax year
1

**1h** Total value of gross payments made or received reported on **all** Forms 5472. See instructions.
$ 16,188,261.

**1i** Check here if this is a consolidated filing of Form 5472 ☐

**1j** Check here if this is the initial year for which the U.S. reporting corporation is filing a Form 5472 ☐

**1k** Total number of Parts VIII attached to Form 5472
0

**1l** Country of incorporation
UNITED STATES OF AMERIC

**1m** Date of incorporation
05/01/2020   UNITED STATES OF AMERICA

**1n** Country(ies) under whose laws the reporting corporation files an income tax return as a resident
UNITED STATES OF AMERICA

**1o** Principal country(ies) where business is conducted
UNITED STATES OF AMERICA

**2** Check here if, at any time during the tax year, any foreign person owned, directly or indirectly, at least 50% of **(a)** the total voting power of all classes of the stock of the reporting corporation entitled to vote, or **(b)** the total value of all classes of stock of the reporting corporation ☒

**3** Check here if the reporting corporation is a foreign-owned domestic disregarded entity (foreign-owned U.S. DE) treated as a corporation for purposes of section 6038A. See instructions ☐

| **Part II** | **25% Foreign Shareholder** (see instructions) | |
|---|---|---|

Check here if any direct (or ultimate indirect) 25% foreign shareholder listed in Part II is a surrogate foreign corporation under section 7874(a)(2)(B) ☐

**4a** Name and address of direct 25% foreign shareholder
VICINI SPA   VIA DELL'ARTIGIANATO, 28 SAN MAURO PASCOLI, FC 47030 ITALY

**4b(1)** U.S. identifying number, if any
FOREIGN US

**4b(2)** Reference ID number (see instructions)
123456789

**4b(3)** Foreign taxpayer identification number (FTIN), if any (see instructions)

**4c** Principal country(ies) where business is conducted
ITALY

**4d** Country of citizenship, organization, or incorporation
ITALY

**4e** Country(ies) under whose laws the direct 25% foreign shareholder files an income tax return as a resident
ITALY

**5a** Name and address of direct 25% foreign shareholder

**5b(1)** U.S. identifying number, if any

**5b(2)** Reference ID number (see instructions)

**5b(3)** FTIN, if any (see instructions)

**5c** Principal country(ies) where business is conducted

**5d** Country of citizenship, organization, or incorporation

**5e** Country(ies) under whose laws the direct 25% foreign shareholder files an income tax return as a resident

**6a** Name and address of ultimate indirect 25% foreign shareholder
CINZIA CASADEI   VIA DELL'ARTIGIANATO, 28 SAN MAURO PASCOLI, FC 47030 ITALY

**6b(1)** U.S. identifying number, if any
FOREIGN US

**6b(2)** Reference ID number (see instructions)
42184

**6b(3)** FTIN, if any (see instructions)

**6c** Principal country(ies) where business is conducted
ITALY

**6d** Country of citizenship, organization, or incorporation
ITALY

**6e** Country(ies) under whose laws the ultimate indirect 25% foreign shareholder files an income tax return as a resident
ITALY

**7a** Name and address of ultimate indirect 25% foreign shareholder

**7b(1)** U.S. identifying number, if any

**7b(2)** Reference ID number (see instructions)

**7b(3)** FTIN, if any (see instructions)

**7c** Principal country(ies) where business is conducted

**7d** Country of citizenship, organization, or incorporation

**7e** Country(ies) under whose laws the ultimate indirect 25% foreign shareholder files an income tax return as a resident

**BAA  For Paperwork Reduction Act Notice, see instructions.**   CPCA2812L  07/06/22   Form **5472** (Rev. 12-2022)

Form 5472 (Rev. 12-2022) GZ USA INC.    85-0644626                                                    Page **2**

## Part III  Related Party (see instructions). All reporting corporations must complete this question and the rest of Part III.

Check applicable box: Is the related party a  [X] foreign person or  [ ] U.S. person?

**8 a** Name and address of related party

VICINI SPA                                    VIA DELL'ARTIGIANATO, 28 SAN MAURO PASCOLI, FC 47030 ITALY

| **8 b (1)** U.S. identifying number, if any | **8 b (2)** Reference ID number (see instructions) | **8 b (3)** FTIN, if any (see instructions) |
|---|---|---|
| FOREIGN US | 123456789 | |

**8 c** Principal business activity .. WHOLESALE TRADE                          **8 d** Principal business activity code... 424300

**8 e** Relationship — Check boxes that apply:    [ ] Related to reporting corporation    [ ] Related to 25% foreign shareholder    [X] 25% foreign shareholder

| **8 f** Principal country(ies) where business is conducted | **8 g** Country(ies) under whose laws the related party files an income tax return as a resident |
|---|---|
| ITALY | ITALY |

## Part IV  Monetary Transactions Between Reporting Corporations and Foreign Related Party (see instructions)

**Caution:** Part IV **must** be completed if the "foreign person" box is checked in the heading for Part III.
If estimates are used, check here. [ ]

| | | | |
|---|---|---|---:|
| 9 | Sales of stock in trade (inventory) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 9 | |
| 10 | Sales of tangible property other than stock in trade . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 10 | |
| 11 | Platform contribution transaction payments received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 11 | |
| 12 | Cost sharing transaction payments received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 12 | |
| 13 a | Rents received (for other than intangible property rights) . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 13a | |
| **b** | Royalties received (for other than intangible property rights) . . . . . . . . . . . . . . . . . . . . . . . . . . | 13b | |
| 14 | Sales, leases, licenses, etc., of intangible property rights (for example, patents, trademarks, secret formulas) | 14 | |
| 15 | Consideration received for technical, managerial, engineering, construction, scientific, or like services . . . . . . | 15 | |
| 16 | Commissions received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 16 | |
| 17 | Amounts borrowed (see instructions)  **a** Beginning balance _____  **b** Ending balance or monthly average . . . . . | 17b | |
| 18 | Interest received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 18 | |
| 19 | Premiums received for insurance or reinsurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 19 | |
| 20 | Loan guarantee fees received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 20 | |
| 21 | Other amounts received (see instructions) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 21 | |
| 22 | **Total.** Combine amounts on lines 9 through 21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 22 | |
| 23 | Purchases of stock in trade (inventory) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 23 | |
| 24 | Purchases of tangible property other than stock in trade . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 24 | |
| 25 | Platform contribution transaction payments paid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 25 | |
| 26 | Cost sharing transaction payments paid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 26 | |
| 27 a | Rents paid (for other than intangible property rights) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 27a | |
| **b** | Royalties paid (for other than intangible property rights) . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 27b | |
| 28 | Purchases, leases, licenses, etc., of intangible property rights (for example, patents, trademarks, secret formulas) . . . . | 28 | 14,478,362. |
| 29 | Consideration paid for technical, managerial, engineering, construction, scientific, or like services . . . . . . . . . | 29 | |
| 30 | Commissions paid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 30 | |
| 31 | Amounts loaned (see instructions)  **a** Beginning balance _____  **b** Ending balance or monthly average . . . . . . | 31b | |
| 32 | Interest paid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 32 | |
| 33 | Premiums paid for insurance or reinsurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 33 | |
| 34 | Loan guarantee fees paid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 34 | |
| 35 | Other amounts paid (see instructions) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 35 | 1,709,899. |
| 36 | **Total.** Combine amounts on lines 23 through 35 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 36 | 16,188,261. |

## Part V  Reportable Transactions of a Reporting Corporation That Is a Foreign-Owned U.S. DE (see instructions)

Describe on an attached separate sheet any other transaction as defined by **Regulations section** 1.482-1(i)(7), such as amounts
paid or received in connection with the formation, dissolution, acquisition, and disposition of the entity, including contributions to
and distributions from the entity, and check here. [ ]

## Part VI  Nonmonetary and Less-Than-Full Consideration Transactions Between the Reporting Corporation and the Foreign Related Party (see instructions)

Describe these transactions on an attached separate sheet and check here. [ ]

BAA                                                                          Form **5472** (Rev. 12-2022)

Form 5472 (Rev. 12-2022)  GZ USA INC.    85-0644626                                                                Page 3

| Part VII | **Additional Information.** All reporting corporations must complete Part VII. | | |
|---|---|---|---|

**37** Does the reporting corporation import goods from a foreign related party? . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☒ No

**38 a** If "Yes," is the basis or inventory cost of the goods valued at greater than the customs value of the imported goods? . . ☐ Yes ☐ No

**b** If "Yes," attach a statement explaining the reason or reasons for such difference.

**c** If the answers to questions 37 and 38a are "Yes," were the documents used to support this treatment of the imported goods in existence and available in the United States at the time of filing Form 5472? . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

**39** During the tax year, was the foreign parent corporation a participant in any cost sharing arrangement (CSA)? . . . . . . . . ☐ Yes ☒ No

**40 a** During the tax year, did the reporting corporation pay or accrue any interest or royalty for which the deduction is not allowed under section 267A? See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☒ No

**b** If "Yes," enter the total amount of the disallowed deductions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

**41 a** Is the reporting corporation claiming a foreign-derived intangible income (FDII) deduction (under section 250) with respect to any transactions with the foreign corporation? If "Yes," complete lines 41b, 41c, and 41d. See instructions . . ☐ Yes ☒ No

**b** Enter the amount of gross receipts derived from all sales of general property to the foreign related party that the reporting corporation included in its computation of foreign-derived deduction eligible income (FDDEI). See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

**c** Enter the amount of gross receipts derived from all sales of intangible property to the foreign related party that the reporting corporation included in its computation of FDDEI. See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

**d** Enter the amount of gross receipts derived from all services provided to the foreign related party that the reporting corporation included in its computation of FDDEI. See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

**42** Did the reporting corporation have any loan to or from the related party, to which the safe-haven rate rules of Regulations section 1.482-2(a)(2)(iii)(B) are applicable, and for which the reporting corporation used a rate of interest within the safe-haven range of Regulations section 1.482-2(a)(2)(iii)(B)(1) (100% to 130% of the AFR for the relevant term)? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

**43 a** Did the reporting corporation make at least one distribution or acquisition (as defined by Regulations section 1.385-3) during the tax year, or, during the period beginning 36 months before the date of the respective acquisition or distribution and ending 36 months afterward, did the reporting corporation issue or refinance indebtedness owed to a related party? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

**b** If the answer to question 43a is "Yes," provide the following.

**(1)** The amount of such distribution(s) and acquisition(s) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

**(2)** The amount of such related party indebtedness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

| Part VIII | **Cost Sharing Arrangement (CSA)** |
|---|---|

**Note:** Complete a separate Part VIII for each CSA in which the reporting corporation was a participant during the tax year. Report all amounts in U.S. dollars. (See instructions.)

**44** Provide a brief description of the CSA with respect to which this Part VIII is being completed.

_____

_____

_____

_____

**45** During the course of the tax year, did the reporting corporation become a participant in the CSA? . . . . . . . . . . . . . . . . ☐ Yes ☐ No

**46** Was the CSA in effect before January 5, 2009? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

**47** What was the reporting corporation's share of reasonably anticipated benefits for the CSA? . . . . . . . . . . . . . . . . . . _____ %

**48 a** Enter the total amount of stock-based compensation deductions claimed by the reporting corporation . . . . . . . . . . . . . . $ _____

**b** Enter the total amount of deductions for the tax year for stock-based compensation that was granted during the term of the CSA and, at date of grant, is directly identified with, or reasonably allocable to, the intangible development activity under the CSA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

**c** Was there any stock-based compensation granted during the term of the CSA to individuals who performed functions in business activities that generate cost shared intangibles that was not treated as directly identified with, or reasonably allocable to, the intangible development activity? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

**49 a** Enter the total amount of intangible development costs for the CSA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

**b** Enter the amount of intangible development costs allocable to the reporting corporation based on the reporting corporation's reasonably anticipated benefits share . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

| Part IX | **Base Erosion Payments and Base Erosion Tax Benefits Under Section 59A** (see instructions) |
|---|---|

**50** Amounts defined as base erosion payments under section 59A(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

**51** Amount of base erosion tax benefits under section 59A(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

**52** Amount of total qualified derivative payments as described in section 59A(h) made by the reporting corporation . . . . . $ _____

**53** Reserved for future use . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐

| **2022** | **FEDERAL STATEMENTS** | **PAGE 1** |
|---|---|---|

| **GZ USA INC.** | **85-0644626** |
|---|---|

**STATEMENT 1**
**FORM 1120, LINE 10**
**OTHER INCOME**

| | | |
|---|---|---|
| OTHER INCOME | $ | 189,530. |
| | TOTAL $ | 189,530. |

**STATEMENT 2**
**FORM 1120, LINE 17**
**TAXES AND LICENSES**

| | | |
|---|---|---|
| CITY TAX | $ | 50,700. |
| CT-3-M TAX | | 15,398. |
| LICENSES AND PERMITS | | 100. |
| PAYROLL TAXES | | 61,081. |
| REAL ESTATE TAXES | | 26,325. |
| SALES TAX | | 4,872. |
| STATE TAX | | 52,600. |
| | TOTAL $ | 211,076. |

**STATEMENT 3**
**FORM 1120, LINE 26**
**OTHER DEDUCTIONS**

| | | |
|---|---|---|
| ACCOUNTING | $ | 30,000. |
| AMORTIZATION | | 689,610. |
| BANK CHARGES | | 667. |
| CC FEES | | 284,732. |
| COMPUTER EXPENSES | | 72,878. |
| FILING FEES | | 524. |
| INSURANCE | | 62,017. |
| LEGAL AND PROFESSIONAL | | 46,302. |
| LOGISTIC FEES | | 223,305. |
| MODELING COSTS | | 9,350. |
| OFFICE EXPENSE | | 34,870. |
| OTHER DEDUCTIONS | | 374,712. |
| OTHER SALES COSTS | | 1,938,423. |
| POSTAGE  & SHIPPING | | 483,823. |
| SALES COMMISSION | | 297,699. |
| SUBSCRIPTIONS | | 1,712. |
| TELEPHONE | | 6,396. |
| TRAVEL | | 3,909. |
| UTILITIES | | 10,304. |
| | TOTAL $ | 4,571,233. |

# Balance Sheet

GZ USA, Inc.

VICINIUSA\KRONEY

Period: 01/01/24..05/31/24

Fiscal Start Date        01/01/24

All amounts are in USD.

| Description | Balance |
|---|---|
| **Bank Accounts Total** | **1,393,968.40** |
| Citibank 1 | 1,372,984.69 |
| Paypal | 20,983.71 |
| Petty Cash | 653.22 |
| **Total Cash and banks** | **1,394,621.62** |
| **First Data Reserve** | **191,506.93** |
| **Total Current Liquidity** | **1,586,128.55** |
| trade receivables from clients | 4,182,421.46 |
| trade receivables from consolidated companies | 14,712.00 |
| treasury receivables | 320,000.00 |
| prepaid taxes | 1,120.00 |
| other receivables | 10,000.00 |
| Receivables from Merchants | 369,410.02 |
| advances to suppliers | 30,000.00 |
| (less) allowance for doubtful accounts | (1,459,770.77) |
| **Total Deferred Liquidity** | **3,467,892.71** |
| finished goods | 4,905,951.05 |
| reserve for obsol.and slow-mov. items (fin. goods) | (2,536,143.96) |
| **Total Inventory** | **2,369,807.09** |
| **TOTAL CURRENT ASSETS** | **7,423,828.35** |
| Goodwill | 10,338,987.88 |
| Leasehold Improvement | 2,459,719.27 |
| (less) accumulated depreciation Leasehold Improve | (1,821,677.84) |
| **Total intangible assets** | **10,977,029.31** |
| machinery | 89,624.96 |
| (less) accumulated depreciation machinery | (84,544.25) |
| furniture and fixtures | 87,727.10 |
| (less) accumulated depreciation furnit. and fixt. | (85,593.13) |
| **Total property plant and equipment** | **7,214.68** |
| **TOTAL ASSETS** | **18,408,072.34** |
| Other provisions | (390,396.63) |
| **Total Provisions for contingent liab. and charges** | **(390,396.63)** |
| Deposits from clients | (11,388.00) |
| trade account payables | (111,608.55) |
| payables to non-consolidated group comp. | (16,629,434.69) |
| **Total Debt and other liabilities** | **(16,752,431.24)** |
| Sales Tax Liability | (4,838.03) |

# Balance Sheet

GZ USA, Inc.

6/7/2024
Page 1

VICINIUSA\KRONEY

Period: 01/01/24..05/31/24

Fiscal Start Date     01/01/24

All amounts are in USD.

| | |
|---|---|
| **VAT Total** | **(4,838.03)** |
| Accrued liabilities | (192,000.00)* |
| **Total Other Current Liabilities** | **(192,000.00)** |
| **TOTAL CURRENT LIABILITIES** | **(17,339,665.90)** |
| Capital stock | (150,000.00) |
| Retained earnings | (921,445.54) |
| **Net income (loss) of the year** | **3,039.10** |
| **Total equity** | **(1,068,406.44)** |
| **TOTAL LIABILITIES & EQUITY** | **(18,408,072.34)** |

\* The accrued liabilities are based on the Debtor's past invoice payments, but are not final numbers.

# Profit and Loss

GZ USA, Inc.

Period: 01/01/24..05/31/24

Fiscal Start Date        01/01/24

All amounts are in USD.

| Description | Total | US - Head Office - Retail | US - Head Office - Showroom | US - Head Office - Wholesale | US - EComm - Online | US - Press Office New York |
|---|---|---|---|---|---|---|
| **PROFIT & LOSS** | | | | | | |
| **NET SALES** | | | | | | |
| Retail Sales - Domestic | 3,133,676.52 | | | | 3,133,676.52 | |
| **Total Retail Net Sales** | **3,133,676.52** | | | | **3,133,676.52** | |
| Wholesale Sales - Domestic | 2,774,013.34 | | | 2,774,013.34 | | |
| Wholesale Sales - Credits | (474,486.60) | | | (474,486.60) | | |
| **Total Wholesale Sales - Third Parties** | **2,299,526.74** | | | **2,299,526.74** | | |
| **Total Wholesale Net Sales** | **2,299,526.74** | | | **2,299,526.74** | | |
| **TOTAL NET SALES** | **5,433,203.26** | | | **2,299,526.74** | **3,133,676.52** | |
| **COST OF GOOD SOLD** | | | | | | |
| COGS - Third Parties | (3,217,866.85) | | | (1,738,105.60) | (1,479,761.25) | |
| **TOTAL COST OF GOOD SOLD** | **(3,217,866.85)** | | | **(1,738,105.60)** | **(1,479,761.25)** | |
| **GROSS MARGIN** | **2,215,336.41** | | | **561,421.14** | **1,653,915.27** | |
| **OPERATIVE EXPENSES** | | | | | | |
| **PERSONNEL EXPENSES** | | | | | | |
| Wages & salaries | (247,923.05) | | | (208,153.87) | | (39,769.18) |
| Social contributions - FICA / Medicare Tax Expense | (21,199.49) | | | (17,777.71) | | (3,421.78) |
| Social contributions - SUTA | 62.52 | | | 62.52 | | |
| **Social contributions - Total** | **(21,136.97)** | | | **(17,715.19)** | | **(3,421.78)** |
| Health Insurance | (28,116.60) | | | (23,111.55) | | (5,005.05) |
| **Total Personnel costs** | **(297,176.62)** | | | **(248,980.61)** | | **(48,196.01)** |
| **RENT & OTHER RENT EXPENSES** | | | | | | |
| Fixed Rent - Premises | (136,680.61) | | | (136,680.61) | | |
| **Fixed Rent - Total** | **(119,706.85)** | | | **(119,706.85)** | | |
| Rent Tax | (6,884.83) | | | (6,884.83) | | |
| Property Tax | (2,880.65) | | | (2,880.65) | | |
| **TOTAL RENT & OTHER RENT EXPENSES** | **(129,472.33)** | | | **(129,472.33)** | | |
| **OTHER OPERATIVE EXPENSES** | | | | | | |
| Credit Card - Paypal Fees | (16,582.68) | | | | (16,582.68) | |
| Credit Card - Amex Fees | (14,384.78) | | | (4,327.65) | (10,057.13) | |
| Credit Card - Merchant's Fees | (38,873.94) | | | (2,196.60) | (36,677.34) | |
| **Credit Card - Total** | **(69,841.40)** | | | **(6,524.25)** | **(63,317.15)** | |
| Sales Commission | (76,400.00) | | | (75,000.00) | (1,400.00) | |
| Sales Fees (Fulfillment) | (83,441.32) | | | | (83,441.32) | |
| Postage and Delivery | (179,320.08) | | | (1,306.48) | (140,254.74) | (37,758.86) |
| Duty and Shipping | (25,382.08) | | | (17,407.81) | (7,974.27) | |
| Shipping Credits | (4,490.74) | | | (4,490.74) | | |

# Profit and Loss

GZ USA, Inc.

Period: 01/01/24..05/31/24

Fiscal Start Date     01/01/24

All amounts are in USD.

| | | | | |
|---|---|---|---|---|
| Logistic fees | (51,465.15) | | (51,465.15) | |
| Other Sales Costs | (170,550.04) | | (168,373.04) | (2,177.00) |
| Bad Debt Provision | (12,384.04) | | (12,384.04) | |
| Sales Costs intercompany | (161,157.52) | | (161,157.52) | |
| **Total Sales Costs** | **(834,432.37)** | **(156,194.43)** | **(638,302.08)** | **(39,935.86)** |
| Electricity | (5,038.44) | | (5,038.44) | |
| **Utilities (heating - light - water)** | **(5,038.44)** | | **(5,038.44)** | |
| Phone | (2,411.15) | | (2,064.95) | (346.20) |
| **Total Utilities** | **(7,449.59)** | | **(7,103.39)** | **(346.20)** |
| Legal Consultancies | (303,957.21) | | (303,957.21) | |
| Accounting Consultancies | (12,314.09) | | (12,314.09) | |
| Payroll Consultancies | (2,629.88) | | (2,629.88) | |
| **Accounting & Payroll Consultancies** | **(14,943.97)** | | **(14,943.97)** | |
| Other Consultancies | (13,852.70) | | (13,852.70) | |
| **Total Consultancies** | **(332,753.88)** | | **(332,753.88)** | |
| Travel Expenses | (2,766.88) | | (235.04) | (2,531.84) |
| Staff Messing | (1,848.91) | | (938.39) | (910.52) |
| **Total Travel & Entertainment Expenses** | **(4,615.79)** | | **(1,173.43)** | **(3,442.36)** |
| Maintenance | (4,376.90) | | (571.59) | (3,805.31) |
| Business Insurance | (9,972.13) | | (9,972.13) | |
| Workers Compensation Insurance | (1,563.57) | | (1,213.25) | (350.32) |
| Disability Insurance | 984.78 | | 984.78 | |
| Dental / Vision / Life Insurance | (988.23) | | (809.38) | (178.85) |
| Other Insurances | (1,973.00) | | (1,973.00) | |
| **Insurance - Total** | **(13,512.15)** | | **(12,982.98)** | **(529.17)** |
| IT Costs | (43,868.92) | | (43,868.92) | |
| Other Services costs intercompany | (478,324.11) | | (478,324.11) | |
| **Total Other Services costs** | **(540,082.08)** | **(57,423.49)** | **(478,324.11)** | **(4,334.48)** |
| Fairs & Events related expenses | (78.22) | | | (78.22) |
| Website & Web Marketing | (8,267.00) | | (8,267.00) | |
| Advertising Credits | (26,000.00) | | (26,000.00) | |
| **Advertising & Promotion interc. -Total** | **(26,000.00)** | | **(26,000.00)** | |
| **Total Advertising & Promotion** | **(34,345.22)** | **(26,000.00)** | **(8,267.00)** | **(78.22)** |
| Flowers | (693.62) | | (337.51) | (356.11) |
| Office material (stationery etc) | (4,232.15) | | (3,464.98) | (767.17) |
| Bank charges | (97.00) | | (97.00) | |
| Dues and Subscriptions | (121.99) | | (17.00) | (104.99) |
| Filing Fees | (220.00) | | (220.00) | |
| **Total Other Administrative Expenses** | **(341.99)** | | **(237.00)** | **(104.99)** |

# Profit and Loss

GZ USA, Inc.

Period: 01/01/24..05/31/24

Fiscal Start Date        01/01/24

All amounts are in USD.

| | | | |
|---|---|---|---|
| **Other Administrative costs** | (341.99) | (237.00) | (104.99) |
| Licenses and Permits | (100.00) | (100.00) | |
| **Administrative taxes – Total** | (100.00) | (100.00) | |
| **Total Other costs** | (5,464.76) | (4,236.49) | (1,228.27) |
| **TOTAL OTHER OPERATIVE EXPENSES** | (1,759,143.69) | (584,885.11) | (1,124,893.19) | (49,365.39) |
| **TOTAL OPERATIVE EXPENSES W/O D&A** | (2,185,792.64) | (963,338.05) | (1,124,893.19) | (97,561.40) |
| Other Revenues | 8,029.54 | | 8,029.54 | |
| **Total Other Income** | 8,029.54 | | 8,029.54 | |
| **EBITDA** | 37,573.31 | (401,916.91) | 537,051.62 | (97,561.40) |
| Depreciation and Amort Susp. Account | (28,215.35) | (28,215.35) | | |
| **TOTAL OPERATIVE EXPENSES** | (2,205,978.45) | (991,553.40) | (1,116,863.65) | (97,561.40) |
| **EBIT** | 9,357.96 | (430,132.26) | 537,051.62 | (97,561.40) |
| **Gain/(Loss) Before Taxes** | 9,357.96 | (430,132.26) | 537,051.62 | (97,561.40) |
| Income Taxes – State | (9,127.50) | (9,127.50) | | |
| **Income Taxes – Total** | (12,397.06) | (12,397.06) | | |
| **Gain/(Loss) of Period** | (3,039.10) | (442,529.32) | 537,051.62 | (97,561.40) |